UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 16-097-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 19-244-DCR |
| ) | |
| ARIAN LAMONT BROWN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

Defendant Arian Brown filed a *pro se* motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on June 7, 2019. [Record No. 172] Consistent with local practice, the motion was referred to a United States Magistrate Judge for initial review and issuance of a Report and Recommendation ("R&R"). Shortly thereafter, Brown filed a motion to amend the § 2255 motion, seeking to clarify and/or assert additional claims. [Record No. 179] On September 11, 2019, Magistrate Judge Candace J. Smith issued a well-reasoned R&R, granting Brown's motion to amend and recommending that the motion for relief under § 2255 and its amendment be denied. Despite Brown's failure to file objections, the Court has reviewed this matter *de novo* and concludes that the § 2255 motion should be denied.[1]

---

[1] Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

# I.

Brown pleaded guilty in September 2017 to possessing with the intent to distribute 40 grams or more of a mixture or substance containing fentanyl (count 2) and possessing with the intent to distribute heroin (count 3), both in violation of 21 U.S.C. § 841(a)(1). The United States Probation Officer assigned to Brown's case prepared a presentence investigation report ("PSR") using the 2016 version of the United States Sentencing Guidelines Manual. In calculating his guideline range, Brown was assigned a base offense level of 26, but he received a career offender enhancement under U.S.S.G. § 4B1.1(b)(1), raising his offense level to 37. After receiving a two-level reduction for acceptance of responsibility, his total offense level was 35. Combined with his criminal history category of VI, this offense level produced a guidelines range of 292 to 360 months' imprisonment. On January 22, 2018, Brown was sentenced to 330 months' imprisonment on each count, to run concurrently. [Record No. 133] Brown's sentence was affirmed on appeal. *United States v. Brown*, No. 18-5084 (6th Cir. Oct. 16, 2018).

Brown filed a timely motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 172] He characterizes most of his claims as ineffective-assistance-of-counsel, which is not surprising, since Brown waived his ability to bring any other type of claims on collateral attack. [Record No. 107, ¶ 10] The familiar standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims of ineffective assistance of counsel. To succeed on such a claim, the defendant must show that counsel's performance was deficient and that he was prejudiced by counsel's performance. *Id.* at 688. Accordingly, counsel is not required to

raise meritless arguments to avoid being deemed ineffective. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

II.

Several of Brown's claims focus on his status as a career offender under § 4B1.1(b)(1) of the sentencing guidelines. Application of this enhancement was based on Brown's 2003 state conviction for conspiring to commit first-degree robbery and his 2010 federal conviction for attempting to possess with the intent to distribute 500 grams or more of cocaine. Brown argues that neither of these convictions constitutes a predicate offense under § 4B1.1 and that his trial attorney was ineffective for failing to present these arguments.

First, Brown argues that his Kentucky conviction for conspiring to commit first-degree robbery does not constitute a crime of violence. However, robbery is an enumerated offense within the guidelines' definition of "crime of violence." U.S.S.G. § 4B1.2. It is not affected by the United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), or *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which involved the residual clauses of the Armed Career Criminal Act and the Immigration and Nationality Act, respectively.

And contrary to Brown's assertion, counsel *did* object to the PSR by arguing that the conspiracy to commit first-degree robbery conviction was not categorically a crime of violence under the Sixth Circuit's decision in *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017). The Court, however, rejected this argument and sentenced Brown as a career offender. [Record No. 148, pp. 33-34] On appeal, the Sixth Circuit affirmed the Court's application of the enhancement.

First-degree robbery in Kentucky requires the use or threatened immediate use of physical force upon another person, accompanied by one of the following aggravating

circumstances: the defendant "causes physical injury to any person who is not a participant in the crime," "is armed with a deadly weapon," or "uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime." Ky. Rev. Stat. § 515.020. As this Court has explained previously, first-degree robbery criminalizes *violent* force within the generic definition of robbery. *United States v. Ingram*, 276 F. Supp. 3d 717, 721-26 (E.D. Ky. 2017). Accordingly, the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), would not have helped Brown and his counsel was not ineffective for failing to raise it.

Next, the Sixth Circuit's recent decision in *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019), cannot form the basis of an ineffective-assistance-of-counsel claim. *See Bullard v. United States*, No. 17-3731, 2019 WL 4180407, at *5 (6th Cir. Sept. 4, 2019). *Havis*, which held that the Sentencing Commission exceeded its authority in defining "crime of violence" and "controlled substance offense," was not decided until June 2019—well after Brown's sentencing and appeal. The 2016 Guidelines Manual, which was relied upon for Brown's sentencing, provided that "[c]rime of violence . . . include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, n.1. Counsel cannot be faulted for failing to anticipate future developments in the law. *Bullard*, 2019 WL 4180407, at *5.

Brown also argues that he is "actually innocent" of the career offender enhancement, resulting in a complete miscarriage of justice. But as the Sixth Circuit has explained, "to meet this demanding standard, a prisoner typically must 'prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated.'" *Bullard*, 2019 WL 4180407, at *3 (quoting *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir.

2014)). Obviously, Brown has established neither of these predicates. Because the guidelines are advisory, district courts are free to impose a sentence that is appropriate in a particular case, notwithstanding the guidelines. *Id.* Accordingly, misapplication of a career offender designation does not affect the lawfulness of the sentence itself and, therefore, such a claim is not cognizable under § 2255. *Id.*

Brown presents a convoluted series of arguments concerning his 2010 drug-trafficking conviction in this Court. First, he argues that his 2010 conviction was not a "prior conviction" for purposes of U.S.S.G. § 4B1.1 and 21 U.S.C. § 851 because he was serving a term of supervised release for that conviction when he was arrested for the instance offenses. Brown's argument is simply incorrect. The word "conviction" means either "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty" or "[t]he judgment (as by jury verdict) that a person is guilty of a crime." *United States v. Havens*, 374 F. Supp. 3d, 630 (E.D. Ky. 2019) (quoting Black's Law Dictionary (10th ed. 2014)). The Supreme Court has recognized that "conviction" can mean either a finding of guilt or the entry of final judgment on that finding. *Id.* Judgment was entered on Brown's conviction for attempting to possess with the intent to distribute cocaine on March 1, 2010. [Lexington Criminal Action No. 5: 09-080, Record No. 46] Brown's status as a supervised releasee as of the date of his current offense does nothing to change the finality of the prior judgment.

Brown also complains that he is being punished twice for the same conduct. He received a 330-month sentence in the instant case for possessing with the intent to distribute 40 grams or more of a mixture or substance containing fentanyl (count 1) and possessing with the intent to distribute heroin (count 2). He received a 36-month sentence in Lexington Criminal Action No. 5: 09-080 *for violating the terms of his supervised release*. Brown is

wrong in view this as punishing the same conduct twice. Further, imposing consecutive sentences is within the Court's discretion and counsel was not ineffective for failing to raise these issues. *See* U.S.S.G. § 7B1.3(f) (2016); *United States v. Niravong*, 188 F.3d 509, at *3-4 (6th Cir. 1999) (table).

Finally, there is no merit to Brown's argument that his guilty plea was not entered into knowingly and voluntarily. Brown bases this argument on an assertion that, at the time of his plea, he did not know that his "current" supervised release violation would be used for purposes of enhancing his sentence under 21 U.S.C. § 851. However, as Brown was and is aware, the enhancement was based on his prior conviction in this Court—not the resulting violation of his supervised release. Assuming *arguendo* that Brown could challenge the validity of his guilty plea based on this claim, his assertions are clearly belied by the record.

The United States filed a notice regarding the enhanced statutory punishment on December 2, 2016. [Record No. 12] Pursuant to his plea agreement, Brown conceded that he was subject to an enhanced statutory punishment under § 851 based on his prior conviction in Lexington Criminal Action No. 5: 09-080. [Record No. 107, ¶¶ 5-6] Additionally, this Court engaged in a thorough colloquy with Brown prior to entry of his guilty plea. During the change-of-plea hearing, the attorney for the United States summarized a portion of the plea agreement as follows:

> Paragraph 5 sets forth the enhanced statutory punishment for Counts 2 and 3 of the superseding indictment. And in this paragraph it also states that the defendant has a final drug felony conviction as set forth by the notice filed by the United States pursuant to 21 United States Code, Section 851, and is subject to this enhanced statutory punishment.

[Record No. 123, p. 14] Brown advised the Court that he was able to hear these terms as they were being read aloud and that they accurately summarized the plea agreement as he

understood it. *Id.* at p. 17. He also advised the Court that he had reviewed the indictment and plea agreement with his attorney, and that he was satisfied with counsel's assistance. *Id.* at pp. 9-10. A defendant's statements during his plea colloquy carry a strong presumption of veracity and Brown has presented no reason to question his prior statements. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### III.

Brown may not appeal this decision unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b)(1). A certificate of appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, a movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 349-50 (2003). Brown has raised numerous frivolous arguments, tacking ineffective-assistance-of-counsel claims onto each of them. Reasonable jurists would not find this Court's denial of the claims debatable or wrong, as none of them presented a close question. Accordingly, a certificate of appealability will not issue.

### IV.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 188] is **ADOPTED** and **INCORPORATED**, in full.

2. Brown's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 172] and the supplement thereto [Record No. 179] are **DENIED**.

3. A certificate of appealability is **DENIED**.

Dated: October 2, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky